UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IN RE:

PATRICK FAGAN, CHRISTINE FAGAN

CHAPTER 13
CASE NO. 08-22991

-------------------------------------------------------------X
PATRICK FAGAN, CHRISTINE FAGAN
                    Plaintiffs,

Adversary Case No.:09-08292

        -against-

ANSWER

CJP ABSTRACT, LLC,
COMMONWEALTH LAND TITLE INSURANCE
HOMEQ SERVICING CORP.,
WACHOVIA BANK,
ARGENT MORTGAGE COMPANY,
AMC MORTGAGE SERVICES, INC.,
WELLS FARGO BANK, N.A.
JOHN DOE, JANE DOE, XYZ CORP.,
fictitious names for substation (sic) of parties
when discovered
                    Defendants.
-------------------------------------------------------------X

BARCLAYS CAPITAL REAL ESTATE DBA HOMEQ SERVICING S/H/A HOMEQ SERVICING CORP. AND WELLS FARGO BANK, N.A. AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2005 ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-WHQ4 S/H/A WELLS FARGO BANK, for its answer to the complaint, alleges as follows:

    1.    Denies knowledge or information as to each of the allegations in paragraph 1 except to the extent plaintiff accuses the answering defendants of violations of the recited statutes and seeks relief from the answering defendants, it denies such allegations.

1

2. Denies knowledge or information as to each of the allegations in paragraphs 2, 3, 4, 5, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 23, 39, 40, 41, 43, 44, 45, 54, 55, 56, 57, 59, 62, 62, 63, 64, 65, 66, 67, 75, 76, 80, 84, 85, 102, 103, 105, 123 and 146 of the complaint.

3. Upon information and belief, admits the allegations in paragraph 6 and 10.

4. Denies the allegations in paragraphs 20, 21 and 98 except admits that in May, 2005, Patrick Fagan signed an adjustable rate note which was secured by a mortgage given to Argent Mortgage Company LLC and that the mortgage was executed by Patrick Fagan, Christine Fagan and Nicole Fagan-Blau.

5. Denies the allegations in paragraphs 26 and 27, except admits that the plaintiffs were not current in their mortgage payments and that all sums received were not necessarily applied to the principal balance or to interest.

6. Denies the allegations in paragraph 28, except admits that the Note, at paragraph 5, contains provisions as to prepayment, and such provisions are not applicable to the circumstances herein.

7. Denies the allegations in paragraphs 29 and 30, except admits that the mortgage contains provisions regarding the application of sums received when the mortgage is current.

8. Denies the allegations in paragraphs 31, 32, 33, 34 and 35 except admits that sums were submitted and that the mortgage contains provisions regarding the application of sums received when the mortgage is current.

9. Upon information and belief, denies knowledge or information as to the allegations in paragraphs 7, 24, 25, 36, 37, 38, 42, 46, 47, 48, 49, 50, 51, 52, 70 and 71.

10. Denies the allegations in paragraphs 92 and 93 except admits that the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. contains regulations regarding debt collectors.

11. Denies the allegations in paragraph 53, 58, 72, 73, 77, 78, 79, 81, 82, 86, 87, 88, 89, 90, 94, 95, 96, 99, 100, 107, 108, 110, 112, 113, 114, 116, 117, 118, 119, 120, 122, 124, 125, 126, 127, 129, 130, 131, 132, 133, 135, 136, 137, 138, 139, 140, 142, 143, 144, 147, 148 and 149.

12. Denies the allegations in paragraph 104 except admits that a default letter or collection call may have been made, as appropriate and allowable.

13. Denies the allegations in paragraph 111, except admits that the 12 C.F.R. §226.20 (c) should be examined in its entirety to accurately ascertain its requirements.

14. Answering defendants repeat their answers in response to paragraphs 61, 68, 74, 83, 91, 97, 101, 106, 109, 115, 121, 128, 134, 141 and 145.

## FIRST AFFIRMATIVE DEFENSE

15. Each of the claims is barred in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

16. The claims are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

17. The claims are barred by laches.

## FOURTH AFFIRMATIVE DEFENSE

18. The claims are barred, in whole or in part, based on the doctrines of estoppel, waiver and/or ratification.

## FIFTH AFFIRMATIVE DEFENSE

19. Any claim, based in whole or in part, upon allegations that are inconsistent with the terms of the note and mortgage, is barred by the Statute of Frauds.

WHEREFORE, it is respectfully requested that the Court dismiss the complaint, together with attorney's fees, costs, disbursements and such other and further relief as may be just and proper.

Dated: Plainview, New York
October 9, 2009

ROSICKI, ROSICKI & ASSOCIATES, P.C.

By: BARBARA DUNLEAVY
Attorneys for Defendants HomeEq and Wells Fargo
53 East Bethpage Road
Plainview, New York 11803
(516) 741-2585 x 288

To: Joshua Bleichman
Attorney for Plaintiffs
268 Route 59 West
Spring Valley, New York 10977

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN RE;

PATRICK FAGAN, CHRISTINE FAGAN

                                        Case No. 08-22991

                                        AFFIDAVIT OF SERVICE BY MAIL

-----------------------------------------------------------------X
PATRICK FAGAN, CHRISTINE FAGAN
                    PLAINTIFFS

                -AGAINST-

CJP ABSTRACT, LLC, ET AL.
                    Defendants.
-----------------------------------------------------------------X

STATE OF NEW YORK )
                        ) ss.:
COUNTY OF NASSAU )

_Catherine Ines_, being duly sworn, deposes and says:
I am not a party to the within action; I am over the age of 18 years; and I reside at Nassau County, New York. On the 9th day of October, 2009, I served the following:

                                  Answer

depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

    Joshua Bleichman
    268 Route 59 West
    Spring Valley, New York 10977

Sworn to before me
on this 9th day of
October, 2009

_____
Notary Public

Rose Saramago
Notary Public State of New York
No. 01SA6163060
Qualified in Suffolk County
Commission expires March 19, 20_11_

5

Docket No. 07 Civ 4493

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN RE;

PATRICK FAGAN, CHRISTINE FAGAN

                                                  Case No. 08-22991

-----------------------------------------------------------------X
PATRICK FAGAN, CHRISTINE FAGAN
                PLAINTIFFS

-AGAINST-

CJP ABSTRACT, LLC, ET AL.
                Defendants.
-----------------------------------------------------------------X

## ANSWER

ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Defendants HomEq and Wells Fargo
51 East Bethpage Road
Plainview, New York 11803
(516) 741-2585
RR&A NO.: 08-028206