**CUDDY & FEDER LLP**

**445 Hamilton Avenue, 14th Floor**

White Plains, New York 10601
(914) 761-1300
Joshua E. Kimerling (JEK 0053)

**Counsel for Defendant Commonwealth Land Title Insurance**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

PATRICK FAGAN, CHRISTINE FAGAN

Chapter 13

Case No. 08-22991

-----------------------------------------------------------x
PATRICK FAGAN, CHRISTINE FAGAN,

                        Plaintiffs,

-against-

CJP ABSTRACT, LLC, COMMONWEALTH LAND
TITLE INSURANCE HOMEQ SERVICING CORP.,
WACHOVIA BANK, ARGENT MORTGAGE
COMPANY, AMC MORTGAGE SERVICES, INC.,
WELLS FARGO BANK, N.A., JOHN DOE,
JANE DOE, XYZ CORP., fictitious names for
substation of parties when discovered.

                        Defendants.
-----------------------------------------------------------x

### ANSWER OF COMMONWEALTH LAND TITLE INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT

Defendant, Commonwealth Land Title Insurance Company ("Commonwealth"), by its attorneys, Cuddy & Feder, LLP, as and for its Answer in the Complaint filed in the adversary proceeding, alleges as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations mentioned and set forth in paragraphs numbered 1, and 2 of the Complaint, which call for legal conclusions.

C&F: 1217345.1

2.	Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations mentioned and set forth in paragraphs numbered 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, and 60 of the Complaint.

3.	Admits the allegations of paragraph 5 of the Complaint.

4.	Denies each and every allegation mentioned and set forth in paragraph 62 of the adversary Complaint, except admits, upon information and belief, that Defendant CJP is a title abstractor and title insurance agent.

5.	Denies each and every allegation mentioned and set forth in paragraph 63 of the Complaint.

6.	Denies each and every allegation mentioned and set forth in paragraph 64 of the Complaint.

7.	Denies each and every allegation mentioned and set forth in paragraph 65 of the Complaint.

8.	Denies each and every allegation mentioned and set forth in paragraph 66 of the Complaint.

9.	Denies each and every allegation mentioned and set forth in paragraph 67 of the Complaint.

10.	Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations mentioned and set forth in paragraphs numbered 69, 70, 71, 72, 73, 75, 76, 77, 78, 79, 80, 81, 82, 84, 85, 86, 87, 88, 89, 90, 92, 93, 94, 95, 96, 98, 99, 100, 102, 103, 104, 105, 107, 108, 110, 111, 112, 113, 114, 116, 117, 118, 119, 120, 122, 123, 124, 125, 126, 127, 129, 130, 131, 132, 133, 135, 136, 137, 138, 139, 140, 142, 143, 144, 146, 147, 148 and 149.

C&F: 1217345.1

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES AS FOLLOWS:

11. Plaintiffs' claims are barred by the statute of limitations.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES AS FOLLOWS:

12. Plaintiffs' claims are barred by the doctrines of laches, estoppel and waiver.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES AS FOLLOWS:

13. Plaintiffs' claims are barred by documentary evidence, to wit: The title insurance policy alleged by Plaintiffs in the Complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES AS FOLLOWS:

14. Plaintiffs' claims should be dismissed for failure to state a cause of action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES AS FOLLOWS:

15. Plaintiff has failed to mitigate its damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES AS FOLLOWS:

16. The damages claimed by Plaintiffs are not covered by any insurance policy.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES AS FOLLOWS:

17. Any damages allegedly sustained by Plaintiffs were caused, in whole or part, by culpable conduct and/or breaches of parties other than Commonwealth, and any recovery against Commonwealth should be diminished in

C&F: 1217345.1

proportion to those parties' relative wrongdoing, fault, misfeasance, malfeasance, failure to exercise due care and other culpable conduct.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES AS FOLLOWS:

18. If Plaintiffs sustained any damages as alleged in Count I of Complaint, such damages were the result of culpable conduct of Plaintiffs, and should it be found that Commonwealth is liable to Plaintiffs herein, any such liability being specifically denied, Commonwealth alleges that such liability be apportioned among Plaintiffs and Commonwealth according to the degree of responsibility that each will be found to have in proportion to the entire measure of responsibility.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE AND
### FIRST CROSS-CLAIM AGAINST CJP,
### DEFENDANT ALLEGES AS FOLLOWS:

19. If Plaintiffs sustained any damages as alleged in Count I of the Complaint due to any reckless, negligent or other conduct other than its own, such damages were sustained by reason of the sole, active and primary careless, reckless and affirmative acts of omission or commission by CJP, if any, without any active or affirmative negligence or wrongdoing on the part of Commonwealth. By reason of the foregoing, CJP would be liable to Commonwealth under the doctrines of apportionment, common law and/or contractual contribution, and indemnification for the full amount of any verdict and judgment, or proportionate share thereof, that Plaintiffs may recover against Commonwealth, including, but not limited to, the cost of investigation and attorneys' fees and disbursements otherwise incurred in the defense of this action and prosecution of this cross-claim.

C&F: 1217345.1

WHEREFORE, Defendant Commonwealth respectfully requests that the Complaint be dismissed as against Commonwealth, and that Commonwealth be awarded such other and further relief as to the Court may seem just and proper, including but not limited to legal fees, costs and expenses.

Dated: October 21, 2009
       White Plains, New York

                                      Yours, etc.
                                      CUDDY & FEDER LLP
                                      Attorneys for Defendant
                                      Commonwealth Land Title Insurance
                                      445 Hamilton Avenue, 14th Floor
                                      White Plains, New York 10601
                                      (914) 761-1300

                                      By: _____
                                          Joshua E. Kimerling (JEK 0053)